IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**, an Illinois Corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>**YUKIKO MEYDEN**, **MICHAEL MEYDEN**, and **E.H.**, by and through her biological father and *guardian ad litem*, Scott Horsfield,<br><br>            Defendants. | Case No. 3:25-cv-69-JR<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie Russo issued Findings and Recommendation in this case on March 2, 2026. Judge Russo recommended that this Court grant Plaintiff's Motion for Summary Judgment, ECF 45, and deny Defendants Yukiko and Michael Meyden's Cross-Motion for Partial Summary Judgment, ECF 48.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court

PAGE 1 – ORDER

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Defendants timely filed an objection to Plaintiff's Motion. Defendants argue that Judge Russo ignored both the law of the case and Oregon Supreme Court precedent when she explained that Defendant Michael Meyden's subjective intent to harm Defendant E.H. and two other girls when he surreptitiously drugged them could be inferred from his conduct.[1] The Court

---

[1] Defendants object to the characterization of Mr. Meyden's conduct as surreptitious, asserting that the allegations in an underlying Complaint refer only to his victim's "lack of knowledge and consent" with respect to his conduct. ECF 54 at 13. This argument is an unnecessary overreach. The Merriam-Webster Dictionary defines "surreptitious" as "done, made, or acquired by stealth" or "acting or doing something clandestinely." *Surreptitious*, MERRIAM-WEBSTER DICTIONARY ONLINE, https://www.merriam-webster.com/dictionary/surreptitious (last visited Apr. 1, 2026). Mr. Meyden secretly placed drugs into his victims' beverages, here smoothies. That is an action "done . . . by stealth."

PAGE 2 – ORDER

has reviewed *de novo* those portions of Judge Russo's Findings and Recommendation to which Defendants have objected, as well as Defendants' objections and Plaintiff's response. The Court agrees with Judge Russo's analysis regarding whether Oregon case law allows for an inference of intent, her drawing of that inference, and her determination that there was no covered occurrence requiring Plaintiff to defend the Meydens. Accordingly, the Court adopts those portions of the Findings and Recommendation. "An act may be so certain to cause a particular kind of harm that it can be said that a person who did such an act intended the harm." *City of Burns v. Nw. Mut. Ins. Co.*, 248 Or. 364, 369 (1967), *overruled on other grounds in Ferguson v. Birmingham Fire Ins. Co.*, 254 Or. 496 (1969). Here, the consequences of Mr. Meyden's conduct were so certain that it can be reasonably inferred that he intended those consequences. No reasonable juror could conclude that a man who surreptitiously causes a young girl to ingest a consciousness-altering drug and who acknowledges that he did so to alter that girl's consciousness intended anything other than to alter that girl's consciousness. Further, no reasonable juror could conclude that a man who gives a young girl an unprescribed Schedule IV substance intends anything other than for the girl to suffer the effects of that drug.

The Court finds additional grounds on which to grant Plaintiff's Motion for Summary Judgment. The Meydens' homeowner's policy with Plaintiff "[does] not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional *or criminal acts* or omissions of, any insured person." ECF 46-1 at 47 (emphasis added). In *Allstate Ins. Co. v. Sowers*, 97 Or. App. 658 (1989), the Oregon Court of Appeals considered this exact text. In that case, Allstate Insurance Company sought declaratory relief, contesting coverage for an injury that Mr. Sowers inflicted while resisting arrest. *Id*. at 660. Mr. Sowers ultimately was convicted on criminal charges related to the assault, and the Oregon

PAGE 3 – ORDER

Court of Appeals affirmed a lower court's ruling that there was no coverage for the injury, explaining that "[b]ecause [the] injury was the foreseeable result of Sowers' criminal act of resisting arrest, it fell squarely within the exclusion." *Id*. at 661.

Here, Mr. Meyden pleaded guilty to three counts of causing his victims—three underage girls—to ingest a controlled substance. *See* ECF 46-2. Just as Mr. Sowers' assault gave rise to the injury in his case, Mr. Meyden's criminal conduct gave rise to the injuries underlying this matter. Mr. Meyden does not dispute that the purpose of his conduct was to interfere with E.H.'s nervous system and impair her consciousness. That E.H. then suffered injuries related to a compromised nervous system and impaired consciousness was entirely foreseeable. "Because [E.H.'s] injury was the foreseeable result of [Mr. Meyden's] criminal act of [causing E.H. to ingest a controlled substance], it [falls] squarely within the exclusion" detailed in his insurance policy. Thus, there can be no genuine dispute of material fact that Plaintiff owes no duty to Defendants with respect to Mr. Meyden's criminal conduct.

For those portions of Judge Russo's Findings and Recommendation to which neither party has objected, the Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court ADOPTS Judge Russo's Findings and Recommendation, ECF 52, as supplemented. The Court GRANTS Plaintiff's Motion for Summary Judgment, ECF 45. The Court DENIES Defendants' Cross Motion for Partial Summary Judgment. ECF 48.

**IT IS SO ORDERED.**

DATED this 3rd day of April, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 4 – ORDER